TIMOTHY DESHAWN JONES,

    Plaintiff,

v.

CIVIL ACTION NO.: CV509-028

CALVIN MORTON; BRIAN OWENS;
Officer PEARSON; JOHN DOE 1 and
JOHN DOE 2, Members of Georgia
Tactical Squad,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Telfair State Prison in Helena, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was incarcerated at D. Ray James Prison in Folkston, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that two (2) unknown tactical officers came into his cell and confiscated his property in an attempt to provoke him into a physical altercation. Plaintiff also contends he did not receive all of his property back when he was transferred to other penal institutions around Georgia. Plaintiff contends that Defendant Pearson did not make sure the property was returned to its owner. Plaintiff also contends that Defendant Morton, the Warden at D. Ray James Prison, failed to supervise Defendant Pearson. Finally, Plaintiff contends that Defendant Owens, the Commissioner of the Georgia Department of Corrections, failed to make sure the

AO 72A
(Rev. 8/82)

officials at D. Ray James Prison fulfilled their duties and failed to give Plaintiff an adequate remedy for the compensation of his lost property.

The intentional deprivation of property gives rise to a Due Process Clause violation when the State fails to provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pursuant to O.C.G.A. § 51-10-1, Georgia has created a civil cause of action for the wrongful deprivation of personal property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Accordingly, Plaintiff is not entitled to relief on this claim.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 21st day of July, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE