# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

TIMOTHY DESHAWN JONES,       :

       Plaintiff,       :

       v.       :

CALVIN MORTON; BRIAN OWENS; :     No. CV509-028
Officer PEARSON; JOHN DOE 1 and
JOHN DOE 2, Members of Georgia :
Tactical Squad,
                    :

       Defendants.

## ORDER

Plaintiff, an inmate currently confined at Telfair State Prison in Helena, Georgia, filed the above-captioned case, pro se, pursuant to 42 U.S.C. § 1983, complaining of the conditions of his confinement while he was incarcerated at D. Ray James Prison in Folkston, Georgia. Pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A, Magistrate Judge James E. Graham screened Plaintiff's complaint for cognizable claims.

On July 21, 2009, Magistrate Judge Graham issued his Report and Recommendations, dismissing Plaintiff's complaint.

On August 12, 2009, Plaintiff filed his objections to the Magistrate Judge's Report and Recommendations. For the reasons set forth below, Plaintiff's objections will be **OVERRULED**.

## BACKGROUND

At all times relevant to this action, Plaintiff Timothy Deshawn Jones was an inmate at D. Ray James Prison, located in Folkston, Georgia. On May 15, 2009, Mr. Jones filed a pro se complaint in which he alleges that two unknown tactical officers entered his prison cell and confiscated his property in an attempt to provoke him into a physical altercation. Plaintiff further alleges that this confiscated property, which included trial transcripts, law books, and personal items, was never returned to him.

Plaintiff names as Defendants Calvin Morton, the Warden at D. Ray James Prison; Brian Owens, the Commissioner of the Georgia Department of Corrections; Officer Pearson, a Corrections Officer at D. Ray James Prison, as well as two unidentified tactical officers. In his complaint, Plaintiff seeks compensation for the confiscated property.

**DISCUSSION**

In dismissing Plaintiff's complaint, the Magistrate Judge relied on Byrd v. Stewart, 811 F.2d 554 (11th Cir. 1987). In Byrd, the Eleventh Circuit held that where a plaintiff seeks damages for the unlawful retention of his personal property and alleges that officers failed to return the items seized without due process of law, such a procedural due process claim is barred. Id. at 555 (citing Parratt v. Taylor, 451 U.S. 527 (1981)). This is because the State of Georgia has created a civil cause of action for the wrongful deprivation of personal property. Id. at 554-55 & n.1 (citing O.C.G.A. § 51-10-1). The Court in Byrd concluded that such a cause of action is barred because "the state has provided an adequate post deprivation remedy when a plaintiff claims that the state has retained his property without due process of law." Id. at 555 n.1. Therefore, insofar as Mr. Jones is bringing a procedural due process claim for improperly retained personal property, such a claim is barred pursuant to Byrd.

However, the Court in Byrd also held that "[i]f the plaintiff intends to allege that the search and seizure itself was unlawful, such a fourth amendment claim would not be barred by the Parratt doctrine." Id. at 555 (citing Gilmere

v. City of Atlanta, 774 F.2d 1495 (11th Cir. 1985)). Although the Plaintiff in this case did not allege an unlawful search and seizure in his complaint, he now contends in his objections to the Magistrate Judge's Report and Recommendations that this is what he intended to allege and, therefore, under Byrd, his complaint should not be dismissed.

Even if Plaintiff intended to allege a Fourth Amendment violation in his complaint, dismissal would still be appropriate. This is because Plaintiff, as a prisoner, has no reasonable expectation of privacy in his prison cell and, therefore, cannot allege a Fourth Amendment violation when prison officials conduct a search or seizure. See, e.g., Hudson v. Palmer, 468 U.S. 517, 525-26 (1984)(holding that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of a prison cell."); United States v. Vernon, 262 Fed. Appx. 157, 158 (11th Cir. 2008) (same).

Therefore, regardless of whether Plaintiff attempts to assert a claim of unlawful retention of personal property, or a claim for unlawful search and seizure under the Fourth Amendment, his complaint must be dismissed. Accordingly, Plaintiff's objections to the Magistrate Judge's Report and

Recommendations are **OVERRULED**. Plaintiff's complaint is **DISMISSED**.

**SO ORDERED** this __27th__ day of August, 2009.

_____
Judge, United States District Court
Southern District of Georgia